UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID WILSON, | Case No. 16-cv-02969-LB |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| L. TORREZ LOPEZ, et al., | Re: ECF No. 8 |
| Defendants. | |

David Wilson filed this *pro se* prisoner's civil-rights action to complain about events and omissions that occurred while he was housed at the Correctional Training Facility in Soledad. The court reviewed the complaint, found that it had numerous deficiencies, and dismissed the complaint with leave for Mr. Wilson to file an amended complaint. The order of dismissal with leave to amend identified the elements of claims for retaliation, deliberate indifference to prisoner safety, and due process violations, and it explained the deficiencies in Mr. Wilson's allegations. (ECF No. 4.)

Mr. Wilson then filed an amended complaint. (ECF No. 6.) The court examined the amended complaint and determined that the amended complaint "fail[ed] to cure any of the deficiencies identified in the order of dismissal with leave to amend" and failed to state a claim upon which relief could be granted. (ECF No. 7 at 1.) The court stated that it would "give Mr. Wilson one last

ORDER — No. 16-cv-02969-LB

chance to try to state a plausible claim for relief by allowing him to file a second amended complaint." (*Id.* at 2.) The court instructed Mr. Wilson to "study the order of dismissal with leave to amend carefully and make sure that his second amended complaint cures *all* the deficiencies mentioned in that order." (*Id.*)

Mr. Wilson then filed a second amended complaint. (ECF No. 8.) Like the earlier pleadings, the second amended complaint fails to state a claim upon which relief may be granted. And like the amended complaint, the second amended complaint does not cure the deficiencies identified in the order of dismissal with leave to amend. The second amended complaint is a jumbled narrative that does not allege facts that make out a plausible claim for retaliation, deliberate indifference to safety, or a due process violation. More specifically, the second amended complaint does not state a claim for retaliation because Mr. Wilson does not identify his protected conduct that prompted the alleged retaliation, does not include enough factual details to plausibly suggest that a prison official took adverse action because of Mr. Wilson's constitutionally protected conduct, and does not allege that an adverse action had any chilling effect on his First Amendment activity. *See Rhodes v Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (listing elements of First Amendment retaliation claim). The second amended complaint does not state an Eighth Amendment failure-to-protect claim that is plausible because Mr. Wilson does not allege facts to suggest that his belief that a correctional officer set up a fight between him and another inmate is anything more than speculation by him. The second amended complaint does not state a claim for a due process violation in any prison disciplinary proceedings because Mr. Wilson does not allege the deprivation of any procedural protections required by *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974), or *Superintendent v.* Hill, 472 U.S. 445, 454 (1985), at the disciplinary hearing at which Mr. Wilson pleaded guilty to the disciplinary offense.

The court does not grant further leave to amend because it would be futile. The court gave Mr. Wilson directions about what he needed to allege to state a claim for retaliation, deliberate indifference to safety, and a due process violation. (ECF No. 4.) And the court gave Mr. Wilson a second chance to cure those deficiencies when his amended complaint did not cure his earlier deficiencies. In all, Mr. Wilson had three opportunities to articulate his claims, and he failed to do

ORDER — No. 16-cv-02969-LB                2

1  so. Under the circumstances, there is no ground to conclude that Mr. Wilson will be able to state a

2  claim if the court gives him another opportunity to try to do so. The court thus dismisses the

3  second amended complaint without leave to amend. The dismissal is without prejudice to Mr.

4  Wilson's filing a petition for writ of habeas corpus to challenge his state court conviction, after he

5  exhausts state court remedies for any claim that he wishes to present to the federal court.

**IT IS SO ORDERED.**

Dated: 3/20/2017

_____
LAUREL BEELER
United States Magistrate Judge